Filed 4/22/21  In re R.V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.V., a Person Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARCO V. et al., <br><br> Defendants and Appellants. | F081708 <br><br> (Super. Ct. No. 19JP-00105-A) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Appellant T.B.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant Marco V.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P.J., Meehan, J. and DeSantos, J.

Appellants Marco V. (father) and T.B. (mother) appealed from the juvenile court's order terminating their parental rights (Welf. & Inst. Code, § 366.26)[1] as to their now 20-month-old daughter, R.V. After reviewing the juvenile court record, the parents' court-appointed counsel informed this court they could find no arguable issues to raise on the parents' behalf. This court granted the parents leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844.)

Appellants filed letters but failed to address the termination findings or orders or set forth a good cause showing that any arguable issue of reversible error arose from the section 366.26 hearing. (*In re Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

### PROCEDURAL AND FACTUAL SUMMARY

Newborn R.V. (the baby) was taken into protective custody in August 2019 by the Merced County Human Services Agency (agency) because of her parents' history of domestic violence and violent behavior. Two months before, police responded to a report of a domestic disturbance at their apartment, which resulted in father being injured and mother arrested. The baby was placed with a nonrelated extended family member in Merced County.

The parents have a significant history with child protective services. When the baby was born, mother had an open child dependency case regarding another daughter who was removed as a newborn in April 2018 after mother and the daughter tested positive for methamphetamine. Mother also had untreated mental health and domestic violence problems. The juvenile court provided her reunification services but terminated them at the 18-month review hearing in November 2019 and returned the daughter to her father's custody with family maintenance services. The court dismissed its dependency

---

[1] Statutory references are to the Welfare and Institutions Code.

jurisdiction in June 2020. Previously, mother lost custody of her 10-month-old son in September 2015 after he sustained fractures of the tibia and fibula in both legs and multiple bruises on his body. Mother could not explain how he sustained the injuries. She later provided information that led to the arrest of a boyfriend. She was provided mental health and substance abuse services but did not complete them. The juvenile court terminated reunification services in June 2016 and parental rights in October 2016. Father has seven other children, none of whom are in his care. In 2009, the agency removed his daughter and he was offered reunification services. In February 2011, visitation was terminated after he threatened to abduct the child. In April 2011, reunification services were terminated and in September 2011, his parental rights were terminated.

The agency filed a dependency petition seeking the baby's removal under section 300, subdivisions (b) (failure to protect) and (j) (abuse of sibling). Under both subdivisions, the agency alleged there was domestic violence in the home; the mother had an open family reunification case for another child and was not meeting her case plan objectives; and both parents had significant child welfare history in which parental rights had been terminated after they received reunification services.

The juvenile court ordered the baby detained and conducted a contested jurisdictional/dispositional hearing on November 20, 2019. It was elicited during testimony that the parents engaged in domestic violence the night before the hearing. The court adjudged the baby a dependent child and denied the parents reunification services for failure to reunify with the baby's siblings and remedy their drug abuse and domestic violence issues and, in mother's case, her mental health issues. (§ 361.5, subd. (b)(10) & (11).) The court set a section 366.26 hearing.

The agency recommended the juvenile court terminate parental rights. The baby was physically healthy and there were no concerns about her development or mental or

3

emotional status. She appeared to have a strong bond with her caretakers who wanted to adopt her.

Mother wanted custody of the baby. She told the social worker she was taking classes, was half-way through an anger management program and was reading the Bible every night.

The parents visited the baby and visits generally went well. Their interaction with her was appropriate. They sang to her and rocked her. However, there were two incidents that raised concern. At a visit in January 2020, the social workers heard father yelling in the lobby at the visitation center. Law enforcement had to be called because of his aggressive behavior. His visits were subsequently scheduled on a date and location where a deputy was available. During a visit in February 2020, father asked for assistance, claiming mother was out of control. He said he was leaving her, and she was upset.

The juvenile court conducted a contested section 366.26 hearing on July 29, 2020. Only father testified. It was a "lie" that he and mother could not reunify with the baby. He faulted county counsel for removing the baby from their custody. He faulted his trial attorney in his previous dependency case for causing him to lose custody of his daughter. He failed to reunify with her because the court did not do its job. He and mother were under stress and he experienced depression in the last year.

Counsel for the parents argued for legal guardianship instead of adoption, contending the restrictions imposed by the pandemic prevented them from demonstrating their ability to raise the baby. Minor's counsel concurred in the agency's recommendation to terminate parental rights, adding the parents failed to establish any of the exceptions to adoption applied.

The juvenile court found by clear and convincing evidence the baby was likely to be adopted and that none of the exceptions to adoption applied. The court terminated parental rights.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, the court is required to order termination of parental rights. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B).

Neither parent argued at the contested hearing that any of the exceptions to adoption applied. The most commonly applied, the beneficial parent-child exception, requires the parent to show he or she maintained regular visitation and contact with the child and the child would benefit from continuing the relationship. (§ 366.26, subd. (c)(1)(B)(i).) Although the parents regularly visited the baby, they never had custody of her, and she bonded to her care providers. Consequently, they could not show that severing their parental rights would be detrimental to her.

Nor do the parents contend the juvenile court's findings and orders from the termination hearing are error. Mother claimed to have two years, eight months and seven days of sobriety when she wrote her letter, apparently in December 2020. She completed the services she was required to complete in her other daughter's case, but the social worker did not like her. She asks for a chance to prove she is a better mother. Father states that he and mother have stable housing and he is employed. When he met mother, he had seven years of sobriety. He has been involved in Christian ministry for many years, assisting the elderly in his community and helping with food drives. Giving

5

birth to the baby was part of their plan to have a family. They were prepared for her arrival home with everything a baby would need. He believes the agency's removal of the baby from their custody is a heartless act of gross negligence.

By the time a dependency case reaches the stage of a section 366.26 hearing, there are few decisions left to make. If the child is likely to be adopted, the juvenile court must terminate parental rights unless, as we mentioned above, the parent establishes that one of the exceptions to adoption applies. Here, the baby was likely to be adopted and none of the exceptions applied. Consequently, the court had no choice but to terminate parental rights.

Since appellants failed to raise any arguable issues from the termination hearing in their letters, we conclude there is no good cause to merit additional briefing. Further, though we are not required to do so, we have reviewed the record as it relates to the termination hearing and have found no arguable issues. Consequently, we dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.